IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS PETRALINE,                  :
                                   :
        Petitioner                 :
                                   :
    v.                             :     CIVIL NO. 4:CV-14-1670
                                   :
WARDEN, SCI-ROCKVIEW,              :     (Judge Brann)
                                   :
        Respondent                 :

## **MEMORANDUM**

July 31, 2015

**Background**

This pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 was filed by Dennis Petraline, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania, (SCI-Rockview). Named as Respondent is the SCI-Rockview Superintendent. Service of the Petition was previously ordered.

Petraline indicates that he was arrested and has been incarcerated since September 29, 2012. His Petition states that he was convicted of criminal trespass, criminal mischief (a summary offense), and burglary following a jury

1

trial in the Court of Common Pleas of York County, Pennsylvania.[1] On July 1, 2013, Petraline was sentenced to an aggregate 27 to 54 month term of incarceration.[2]

The Petition, which is dated August 23, 2014,[3] indicates that Petraline filed a direct appeal which was dismissed for failure to file a supporting brief on April 8, 2014. There is no indication by Petitioner that he sought relief under Pennsylvania's Post Conviction Relief Act (PCRA).[4]

Ground One of Petraline's pending action asserts that he is entitled to federal habeas corpus relief on the basis that "counsel did not notify me that he was not going to file my brief." Doc. 1, ¶ 13. Ground Two generally contends

---

[1] Petraline was found not guilty of theft.

[2] The sentence also provided that after service of 20 month Petitioner would be eligible for the Recidivism Risk Reduction Incentive (RRRI) a Pennsylvania state sentencing program which allows non-violent offenders opportunity to get out of jail early.

[3] The petition will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court).

[4] One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

that "officer at jury trial lied about facts." Id. He vaguely adds that both his trial and appellate counsels "did not do their jobs." Id. at ¶ 14.

Respondent seeks dismissal of the Petition on the grounds that it was prematurely filed because Petraline failed to exhaust his available state court remedies and still has adequate state available state court remedies. See Doc. 9. Petitioner has not opposed the request for dismissal.

**Discussion**

Respondent states that following the imposition of his sentence, Petitioner filed a premature PCRA action on July 9, 2013. See id. at ¶ 7. Thereafter, Petraline filed a timely direct appeal and requested that his PCRA action be withdrawn. The request to withdraw the PCRA action was granted on July 30, 2013. See id. at ¶ 10. On April 8, 2014, the Pennsylvania Superior Court dismissed Petraline's direct appeal for failure of his counsel to file a supporting brief.

According to Respondent, Petraline filed a timely pro se PCRA action on July 31, 2014 . This federal pro se habeas corpus action was filed shortly thereafter on August 23, 2014. Subsequently appointed PCRA counsel submitted an amended PCRA petition on September 4, 2014. See id. at ¶ 13. Respondent has provided copies of the relevant state court dockets as well as filings made by

Petitioner's current counsel with respect to his pending PCRA action which supports their description of Petraline's procedural history before the Pennsylvania state courts.  See Doc. 9-1.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.  The exhaustion requirement is not a mere formality.  It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.  Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete

round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The United States Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal

claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986).

According to the undisputed record, approximately three (3) weeks before the filing of this action, Petraline initiated a pro se PCRA action before the state trial court. After the filing of this case, Petitioner's newly appointed PCRA counsel timely an amended PCRA petition. Respondent adds that Petraline's current counsel is actively pursuing the PCRA action and is also seeking reinstatement of Petitioner's direct appellate rights. See Doc. 9, ¶ 17. Moreover, the undisputed record shows that Petitioner has not exhausted his state court

remedies with respect to any claim raised before this Court. or have any of those arguments been procedurally defaulted in state court.

Petraline has also not responded to the pending request for dismissal and has made no argument that the exhaustion requirement should be excused in this matter. Based upon the undisputed record and recognizing that the Pennsylvania state courts should be afforded an initial opportunity to review the merits of Petitioner's claims, the request for dismissal on the basis of non-exhaustion will be granted. An appropriate Order will enter.

BY THE COURT:

  s/Matthew W. Brann
Matthew W. Brann
United States District Judge